IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TECHNOLOGY INNOVATIONS ASSOCIATES LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO. LTD, SAMSUNG ELECTRONICS AMERICA INC. and SAMSUNG TELECOMMUNICATIONS AMERICA LLC<br><br>            Defendants. | C. A. No. 13-356-LPS<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S ANSWER AND DEFENSES TO
PLAINTIFF TECHNOLOGY INNOVATIONS ASSOCIATES, LLC'S
COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Samsung Electronics Co., LTD ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Telecommunications America, LLC ("STA") (collectively, "Samsung"), by and through their undersigned counsel, hereby respond to Technology Innovations Associates LLC's ("TIA") Complaint for patent infringement. Samsung specifically denies all allegations not expressly admitted below.

**THE PARTIES**

1. Samsung lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 1 of the Complaint, and therefore denies them.

2. SEC admits that it is a Korean corporation with its principal office at 416 Maetan-3dong, Yeongtong Gu, Suwon City, Gyeonggi-do, Korea 443-742. SEC denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. SEA admits that it is a corporation organized under the laws of the state of New York with a principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. SEA admits that it may be served with process via its registered agent CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

4. STA admits it is a limited liability company formed under the laws of the state of Delaware with a principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082. STA admits it may be served with process via its registered agent, Corporation Service Company 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

## JURISDICTION AND VENUE

5. Admitted.

6. Samsung admits that the Court may exercise personal jurisdiction in this case only. Samsung denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Samsung admits that venue is proper for purposes of this action only. However, this venue is not convenient with respect to this case.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 7,840,619

8. Samsung admits that a copy of U.S. Patent No. 7,840,619 ("the '619 Patent"), entitled "Computer System for Automatic Organization, Indexing and Viewing of Information From Multiple Sources," appears to be included as Exhibit A of the Complaint. Samsung admits that on its face, the '619 issued on November 23, 2010. Samsung lacks knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations contained in Paragraph 8 of the Complaint, and therefore denies them.

9. Samsung lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 9 of the Complaint, and therefore denies them.

10. Samsung admits that it provides certain products with an Android operating system. Samsung denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Samsung admits that it provides certain products with a Windows Phone operating system. Samsung denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Denied.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 8,280,932

13. Samsung admits that a copy of U.S. Patent No. 8,280,932 ("the '932 Patent"), entitled "Computer System for Automatic Organization, Indexing and Viewing Multiple Objects From Multiple Sources," appears to be included as Exhibit B of the Complaint. Samsung admits that on its face, the '932 issued on October 2, 2012. Samsung lacks knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations contained in Paragraph 13 of the Complaint, and therefore denies them.

14. Samsung lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 14 of the Complaint, and therefore denies them.

15. Samsung admits that it provides certain products with an Android operating system. Samsung denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Samsung admits that it provides certain products with a Windows Phone operating system. Samsung denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Denied.

18. Denied

## JURY DEMAND

Samsung acknowledges that TIA has requested a jury trial. Likewise, Samsung demands a jury trial on issues so triable.

## PRAYER

Samsung denies that TIA is entitled to any of the requested relief and denies any and all allegations contained within the Prayer of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, Samsung contends and asserts the following affirmative and other defenses in response to the allegations in the Complaint. By asserting these defenses, Samsung does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. In addition to the affirmative and other defenses described below, and subject to the responses above, Samsung intends to conduct discovery pursuant to Rule 8(c), and specifically reserves all rights to assert additional affirmative and other defenses that become known through the course of discovery or otherwise.

## FIRST DEFENSE
## NON-INFRINGEMENT OF THE '619 PATENT

19. Samsung has not infringed and does not infringe any valid and enforceable claim of the '619 Patent under any theory of infringement.

## SECOND DEFENSE
## INVALIDITY OF THE '619 PATENT

20. The '619 Patent is invalid because the alleged invention fails to satisfy the conditions set forth in the patent laws, 35 U.S.C. § 101 *et seq.*, including but not limited to §§ 101, 102, 103, and/or 112.

## THIRD DEFENSE
## NON-INFRINGEMENT OF THE '932 PATENT

21. Samsung has not infringed and does not infringe any valid and enforceable claim of the '932 Patent under any theory of infringement.

## FOURTH DEFENSE
## INVALIDITY OF THE '932 PATENT

22. The '932 Patent is invalid because the alleged invention fails to satisfy the conditions set forth in the patent laws, 35 U.S.C. § 101 *et seq.*, including but not limited to §§ 101, 102, 103, and/or 112.

## FIFTH DEFENSE
## PROSECUTION HISTORY ESTOPPEL

23. By reason of the prior art and/or statements and representations made to the U.S. Patent and Trademark Office during prosecution of the applications that led to the issuance of the '619 and '932 Patents, the claims are so limited that they cannot properly be construed as covering any activity or product of Samsung.

## SIXTH DEFENSE
## LACHES, WAIVER, AND ESTOPPEL

24. TIA's claims for relief are barred or limited in whole or in part by the equitable doctrines of laches, waiver, and estoppel.

## SEVENTH DEFENSE
## LIMITATION ON COSTS

25. TIA is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

## EIGHTH DEFENSE
## USE/MANUFACTURE FOR THE UNITED STATES GOVERNMENT

26. If any accused product or method has been used or manufactured by or for the United States, TIA's claims and demands for relief are barred by 28 U.S.C. § 1498.

## NINTH DEFENSE
## FAILURE TO STATE A CLAIM

27. The Complaint fails to state any claim upon which relief may be granted against Samsung.

## TENTH DEFENSE
## LIMITATION ON DAMAGES

28. TIA's prayer for enhanced damages is limited by 35 U.S.C. §§ 286 and/or 287.

## ELEVENTH DEFENSE
## NON-EXCEPTIONAL CASE

29. TIA has not alleged any basis for and cannot prove that this is an exceptional case that would justify any award of attorney fees against Samsung pursuant to 35 U.S.C. § 285.

## TWELFTH DEFENSE
## STANDING

30. TIA is without standing to bring the claims that are the subject of the Complaint.

| | |
|---|---|
| Dated: May 15, 2013 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| | |
| | /s/ *Adam W. Poff* |
| | Adam W. Poff (No. 3990) |
| | Pilar G. Kraman (No. 5199) |
| | Rodney Square |
| | 1000 North King Street |
| | Wilmington, Delaware 19801 |
| | (302) 571-6600 |
| | *apoff@ycst.com* |
| | *pkraman@ycst.com* |
| | |
| | Cono A. Carrano |
| | *ccarrano@akingump.com* |
| | Jin-Suk Park |
| | *jspark@akingump.com* |
| | Romeao Jennings |
| | *rjennings@akingump.com* |
| | Akin Gump Strauss Hauer & Feld, LLP |
| | 133 New Hampshire Avenue, NW |
| | Washington, DC 20036 |
| | Telephone: (202)887-4000 |
| | Facsimile: (202)887-4288 |
| | |
| | John Wittenzellner |
| | *jwittenzellner@akingump.com* |
| | Julie S. Goldemberg |
| | *jgoldemberg@akingump.com* |
| | Akin Gump Strauss Hauer & Feld, LLP |
| | Two Commerce Square |
| | 2001 Market Street, Suite 4100 |
| | Philadelphia, PA 19103 |
| | Telephone: (215)965-1200 |
| | Facsimile: (215)965-1210 |
| | |
| | *ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO. LTD, SAMSUNG ELECTRONICS AMERICA INC. and SAMSUNG TELECOMMUNICATIONS AMERICA LLC* |

**CERTIFICATE OF SERVICE**

I, Adam W. Poff, Esquire, hereby certify that on May 15, 2013, I caused to be electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Richard D. Kirk, Esquire
>Stephen B. Brauerman, Esquire
>Vanessa R. Tiradentes
>Bayard, P.A.
>222 Delaware Avenue
>Suite 900
>Wilmington, DE 19899-5130
>*rkirk@bayardlaw.com*
>*sbrauerman@bayardlaw.com*

I further certify that on May 15, 2013, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel and on the following:

>Paul V. Storm, Esquire
>Sarah M. Paxson, Esquire
>GARDERE WYNNE SEWELL LLP
>1601 Elm Street, Suite 3000
>Dallas, TX 75201
>*pvstorm@gardere.com*
>*spaxson@gardere.com*

>YOUNG CONAWAY STARGATT
>  & TAYLOR, LLP
>
> /s/ Adam W. Poff
>Adam W. Poff (No. 3990)
>Pilar G. Kraman (No. 5199)
>Rodney Square
>1000 North King Street
>Wilmington, DE 19801
>*apoff@ycst.com*
>*pkraman@ycst.com*
>
>*Attorneys for Samsung Defendants*

01:13515938.1